UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 2:13-CR-109 |
| | ) | |
| CHARLES T. HILLARD | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the court on the defendant's *pro se* motions for sentence reduction [docs. 44, 46]. The defendant asks the court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 782 and 788 to the United States Sentencing Guidelines Manual ("U.S.S.G." or "sentencing guidelines"). Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S. Sentencing Guidelines Manual app. C, amend. 782 (2014). Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

The United States has responded in opposition [doc. 45]. The United States argues that the defendant is not eligible for Amendment 782 relief because his sentence was not "based on" a guideline range.

**I. Background**

By judgment dated June 24, 2014, this court sentenced the defendant to 18 months' imprisonment as to Count Two (possession with the intent to distribute

marijuana). The court accepted the parties' Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement and imposed the 18-month sentence agreed-upon therein. According to the Bureau of Prisons, the defendant is presently scheduled for release on November 15, 2015.

## II. Analysis

District courts have discretion to reduce the sentence "of a defendant who has been sentenced to a term of imprisonment <u>based on</u> a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added). The United States is correct that the present defendant is not entitled to § 3582(c)(2) relief because his sentence was "based on" his plea agreement rather than on a sentencing range.

> [W]hen a defendant's sentence follows from a Rule 11(c)(1)(C) plea agreement, the district court is bound by that agreement if it accepts it, and the defendant's sentence is therefore "based on" that agreement. More specifically, under Rule 11(c)(1)(C), the defendant's sentence is based on any agreement 'that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply." *See* Fed. R. Crim. P. 11(c)(1)(C). In such a case, for the defendant to be eligible for a sentence reduction under § 3582(c)(2), the agreement must "employ[] a particular Guidelines sentencing range to establish the term of imprisonment."

*United States v. Garrett*, 758 F.3d 749, 757 (6th Cir. 2014) (citing and quoting *Freeman v. United States*, 131 S. Ct. 2685, 2698 (2011) (controlling concurrence of Justice Sotomayor)).

2

The court has carefully reviewed the present defendant's Rule 11(c)(1)(C) plea agreement. That agreement, unlike the one in *Freeman*, makes no reference whatsoever to a guideline range. The court notes that 18 months was in fact the top of the guideline range applicable to the defendant at the time of sentencing, but the plea agreement did not expressly employ that range to establish the agreed-upon term of imprisonment. *See, e.g., United States v. Ellison*, No. 3:08-cr-00261, 2012 WL 5865148, at *2 (M.D. Tenn. Nov. 19, 2012) (denying § 3582(c) relief where the defendant's Rule 11(c)(1)(C) agreement made no reference to the subsequently-amended guideline range, even though the agreed-upon sentence fell within that range). The present defendant's sentence therefore was not "based on" a subsequently-lowered sentencing range, because his Rule 11(c)(1)(C) plea agreement employed no such range. *Garrett*, 758 F.3d at 757.

### III. Conclusion

For the reasons stated herein, the defendant's motions for sentence reduction [docs. 44, 46] are **DENIED**.

        **IT IS SO ORDERED.**

                                      ENTER:

                                            s/ Leon Jordan
                                     United States District Judge